UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALTHEA MARTIN,

                              Plaintiff,

v.

                                                              Case # 16-CV-6184-FPG

                                                               DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.
_____

      Althea Martin ("Martin" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

      Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On December 19, 2011, Martin applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 168-80. She alleged that she had been disabled since June 1, 2010 due to knee and hip pain. Tr. 212. On January 3, 2014, a hearing was held before Administrative Law Judge Brian Kane ("the ALJ"), in which Martin and a vocational expert

---

[1]    Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]    References to "Tr." are to the administrative record in this matter.

1

("VE") appeared and testified. Tr. 26-67. On April 9, 2014, the ALJ issued a decision finding that Martin was not disabled within the meaning of the Act. Tr. 11-21. On January 20, 2016, the Appeals Council denied Martin's request for review. Tr. 1-7. Thereafter, Martin commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

**I.    District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.    Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not,

the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Martin's claim for benefits under the process described above. At step one, the ALJ found that Martin had not engaged in substantial gainful activity since her alleged onset date. Tr. 13. At step two, the ALJ found that Martin has the following severe impairments: left knee osteoarthritis, left hip bursitis, and anxiety and depressive disorders. Tr. 13. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 13-15.

Next, the ALJ determined that Martin retained the RFC to perform sedentary work[3] with additional limitations. Tr. 15-19. Specifically, the ALJ found that Martin can sit up to six hours and stand and/or walk up to two hours in an eight-hour workday; can lift and/or carry up to 10 pounds frequently and 20 pounds occasionally; must be able to change leg positions at will; and can only perform work with "Specific Vocational Preparation" ("SVP") levels that do not exceed three or four due to her mental impairments. Tr. 15.

At step four, the ALJ relied on the VE's testimony found that this RFC prevents Martin from performing her past relevant work. Tr. 19-20. At step five, the ALJ relied on the VE's testimony and found that Martin can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 20-21. Specifically, the VE testified that Martin could work as a small parts assembler, a telephone quote clerk, and an order clerk. Tr. 20. Accordingly, the ALJ concluded that Martin was not "disabled" under the Act. Tr. 21.

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

**II.     Analysis**

Martin argues that remand is required because the ALJ created a gap in the record that he was obligated to develop when he rejected the only medical opinion as to her physical functional capacity.[4]  ECF No. 9-1, at 14-17.  The Court agrees.

The ALJ has an affirmative duty to develop the administrative record due to the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996).  Specifically, the ALJ must develop a claimant's "complete medical history" for at least the 12 months preceding the month in which the claimant filed his or her application.  20 C.F.R. §§ 404.1512(b), 416.912(b).  The ALJ must "make every reasonable effort" to help the claimant get medical reports from his or her medical sources as long as the claimant has permitted the ALJ to do so.  *Id.*  Remand is warranted if the ALJ fails to fulfill his or her duty to develop the record.  *Pratts*, 94 F.3d at 39.  On the other hand, where there are no "obvious gaps" in the record and a "complete medical history" exists, the ALJ is not obligated to seek additional evidence.  *Rosa*, 168 F.3d at 79 n.5.

Here, the ALJ gave "little weight" to the opinion of Martin's treating orthopedic surgeon Gregory Finkbeiner, M.D. ("Dr. Finkbeiner").  Tr. 18-19.  The ALJ concluded that this opinion was entitled to little weight because it was not supported by the record as a whole or certain physical therapy records and was inconsistent with Martin's daily activities.  Tr. 19.  Regardless of whether the ALJ properly discounted this opinion, his rejection of the only medical opinion as to Martin's physical functional capabilities left a significant gap in the record.  *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the ALJ's rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record"

---

[4]     Martin advances another argument that she believes requires reversal of the Commissioner's decision.  ECF No. 9-1, at 10-14.  However, because the Court disposes of this matter based on the ALJ's failure to develop the record, that argument need not be reached.

because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original).

Because the ALJ rejected Dr. Finkbeiner's opinion, the record lacks any medical opinion as to Martin's physical ability to engage in work at any exertional level on a regular and continuous basis in an ordinary work setting. There is no medical opinion regarding her capacity to sit, stand, walk, or lift, which are necessary activities for sedentary work. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a). Yet the ALJ, who is not a medical professional, somehow determined that Martin could perform sedentary work with specific additional limitations. Tr. 15; *see Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor.").

Although the Commissioner argues that there was no error because "the ALJ relied on the totality of the evidence to assess Plaintiff's RFC," ECF No. 10-1, at 22-25, it is well-settled that "[a]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted). Depending on the circumstances, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Id.* (citation omitted).

6

Here, the ALJ was not permitted to render a common sense judgment about Martin's functional capacity because the treatment notes that the ALJ relied on contain complex medical findings (*see, e.g.*, Tr. 321-22, 325, 342-43, 345-46, 351-52, 355-64, 388-91, 400, 402-04, 419) and the ALJ found that Martin had two severe physical impairments (*i.e.* left knee osteoarthritis and left hip bursitis). *See, e.g.*, *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) ("Given Plaintiff's multiple physical and mental impairments, this is not a case where the medical evidence shows 'relatively little physical impairment' such that the ALJ 'can render a common sense judgment about functional capacity.'") (citation omitted).

Moreover, the Court is not persuaded by the Commissioner's argument that Martin's counsel should have submitted additional evidence to complete the record. ECF No. 10-1, at 23-24. First, it is well-established that the ALJ's affirmative duty to develop the record exists even when the claimant is represented by counsel. *Pratts*, 94 F.3d at 37. Second, Martin submitted Dr. Finkbeiner's medical opinion, but the ALJ rejected that opinion and then improperly based his RFC determination solely on bare medical evidence. There were many avenues available to the ALJ to fill the gap in the record: he could have requested additional information from Dr. Finkbeiner, obtained a consultative examination, or sought a medical expert opinion. *Covey*, 204 F. Supp. 3d at 507 (citation omitted). On remand, the Commissioner should employ whichever of these methods are appropriate to fully develop the record as to Martin's RFC.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent

7

with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: April 7, 2017
       Rochester, New York

                                            _____
                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court